T.C. Memo. 2007-104

UNITED STATES TAX COURT

TAN XUAN BUI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3233-06.                    Filed April 30, 2007.

<u>Warren Nemiroff</u>, for petitioner.

<u>Guy H. Glaser</u>, for respondent.

MEMORANDUM OPINION

MARVEL, <u>Judge</u>:  This case is before the Court on respondent's motion for summary judgment, filed pursuant to Rule 121.[1]

---

[1] All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code.

## Background

This case involves an appeal from respondent's determination that petitioner is not entitled to an abatement of interest under section 6404(e)(1). When the petition in this case was filed, petitioner resided in Fountain Valley, California.

Petitioner timely filed his 1997 and 1998 Federal income tax returns. Respondent selected the returns for examination. After examining the returns, respondent concluded that petitioner had unreported income and had improperly deducted travel expenses. Accordingly, on March 21, 2001, respondent issued a notice of deficiency to petitioner in which he determined deficiencies of $48,206 and $11,672 for 1997 and 1998, respectively. Additionally, respondent determined that petitioner was liable for penalties under section 6662(a) of $9,513.40 and $2,224 for 1997 and 1998, respectively.

On June 11, 2001, petitioner filed a petition seeking a redetermination of the deficiencies and penalties set forth in the notice of deficiency. Trial was set for January 28, 2002. On February 1, 2002, a decision reflecting a settlement between petitioner and respondent (settlement) was entered by the Court. Under the terms of the settlement, respondent conceded the deduction for travel expenses, and petitioner conceded the unreported income and the section 6662(a) penalties. The decision contained a stipulation that interest would be assessed on the deficiencies and penalties due from petitioner as required

by law.

On August 6, 2002, petitioner submitted a Form 656, Offer in Compromise, to respondent based on doubt as to liability in which petitioner offered to pay the deficiencies but not any penalties or statutory interest. On September 18, 2003, respondent sent petitioner a letter rejecting the offer.

On February 6, 2005, petitioner submitted a Form 843, Claim for Refund and Request for Abatement (request), with respect to the section 6662(a) penalties and the accrued interest. On August 31, 2005, respondent sent a letter to petitioner stating that respondent would not review the portion of the request relating to the abatement of the assessed penalties. On October 17, 2005, respondent sent petitioner a 30-day letter stating that petitioner's request had been denied on the grounds that "There was no unreasonable error or delay relating to the performance of a ministerial or managerial act in processing the examination of your return." Petitioner did not respond to the 30-day letter. On a date that cannot be ascertained precisely from the record, but which the parties allege was either December 1 or December 5, 2005, respondent issued a notice of final determination denying petitioner's request under section 6404(e)(1).

On February 13, 2006, petitioner timely filed a petition

under section 6404(h)[2] seeking review of respondent's determination. Petitioner asserted that the manner in which respondent conducted his examination prevented petitioner from divulging information relating to his tax liability.[3] Petitioner argued that if he had trusted respondent and had felt comfortable in disclosing the necessary information, petitioner would have settled his case years ago without penalties and with far less accrued interest.

On August 10, 2006, respondent's motion for summary judgment was filed. In his motion, respondent asserts that the Court does not have jurisdiction under section 6404(h) to decide whether respondent properly assessed the section 6662(a) penalties. Respondent also argues that petitioner failed to produce evidence that respondent was unreasonably dilatory in performing a ministerial or managerial act as required by section 6404(e)(1). Respondent urges us to sustain respondent's determination denying petitioner's request.

On September 8, 2006, petitioner's response opposing

_____

[2] Sec. 6404 was amended by the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3305(a), 112 Stat. 743. One of the changes redesignated former sec. 6404(g) as sec. 6404(h), effective for tax years ending after July 22, 1998.

[3] Petitioner chose not to disclose information because he feared that disclosure of the information would cause various members of his family to be audited.

respondent's motion was filed.  Petitioner concedes the section 6662(a) penalties[4] but maintains that the request was improperly denied with respect to interest.  Petitioner also argues that the manner in which respondent conducted his examination unreasonably delayed the settlement of petitioner's case and prolonged the period during which interest accrued.  Petitioner asserts that his testimony at trial would establish the impropriety of the audit conducted by respondent, but petitioner did not submit an affidavit in support of his position in opposition to respondent's motion.

On February 5, 2007, the Court held a hearing on respondent's summary judgment motion.  Representatives for both parties were present and were heard.

### Discussion

#### I.  Summary Judgment

Summary judgment is a procedure designed to expedite litigation and avoid unnecessary, time-consuming, and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues presented "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show

---

[4] In his opposition to the motion for summary judgment, petitioner explicitly states that he will not contest the imposition of the sec. 6662(a) penalties.

that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be drawn in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). The nonmoving party, however, cannot rest upon the allegations or denials in his pleadings but must "set forth specific facts showing that there is a genuine issue for trial." Rule 121(d); Dahlstrom v. Commissioner, supra at 820-821.

II. Abatement of Interest Under Section 6404(e)(1)

Under section 6404(e)(1), the Commissioner may abate part or all of an assessment of interest on any deficiency to the extent that any unreasonable error or delay in payment is attributable to erroneous or dilatory performance of a ministerial or managerial act by an officer or employee of the Internal Revenue Service. A ministerial act is a procedural or mechanical act that does not involve the exercise of judgment or discretion and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and reviews by supervisors, have taken place. Lee v. Commissioner, 113 T.C.

145, 150 (1999); sec. 301.6404-2(b)(2), Proced. & Admin. Regs.  A managerial act is an administrative act that involves a temporary or permanent loss of records or the exercise of judgment or discretion relating to management of personnel during the processing of a taxpayer's case.  Sec. 301.6404-2(b)(1), Proced. & Admin. Regs.  A decision concerning the proper application of Federal tax law is neither a ministerial nor a managerial act. Sec. 301.6404-2(b)(1) and (2), Proced. & Admin. Regs.  A request for an abatement of interest will not be granted if a significant aspect of the delay is attributable to the taxpayer.  Sec. 6404(e)(1).

When Congress enacted section 6404(e), it did not intend the provision to be used routinely to avoid payment of interest. Rather, Congress authorized abatement of interest only where failure to do so "would be widely perceived as grossly unfair." H. Rept. 99-426, at 844 (1985), 1986-3 C.B. (Vol. 2) 1, 844; S. Rept. 99-313, at 208 (1986), 1986-3 C.B. (Vol. 3) 1, 208.  Under section 6404(h)(1), we have jurisdiction to determine whether respondent abused his discretion in denying petitioner's request. Because the Commissioner's abatement authority involves the exercise of discretion, however, we must give due deference to the Commissioner's determination.  Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Mailman v. Commissioner, 91 T.C. 1079, 1082 (1988).  In order to prevail, petitioner must prove that

respondent abused his discretion by exercising it arbitrarily, capriciously, or without sound basis in fact or law.  Woodral v. Commissioner, supra at 23; Mailman v. Commissioner, supra at 1084; see also sec. 6404(h)(1); Rule 142(a).

In his response in opposition to respondent's motion, petitioner asserted that he was the subject of an abusive, duplicitous, bad faith, and racist audit conducted to intimidate him and to discover assets belonging to his family.  However, petitioner did not set forth specific facts in or attach any documents to his response that showed a genuine issue of material fact for trial.  Instead, petitioner rested on the allegations in his petition and in his response.  Such allegations are simply not enough to withstand a motion for summary judgment.  See Rule 121(d).

Petitioner's factual assertions do not establish that there is any dispute about a material fact in this interest abatement proceeding.  At best, petitioner's allegations reflect a concern that his audit was improperly motivated.  However, petitioner does not make any allegation of improper motivation regarding respondent's attempt to collect interest.  In fact, petitioner agreed to the deficiency and stipulated that interest would be assessed on the deficiency.  Petitioner has not alleged any facts to support a finding of unreasonable error or delay in payment that is attributable to an officer or employee of respondent's

being erroneous or dilatory in performing a ministerial or managerial act.  On the contrary, the record indicates that any delay that may have occurred was attributable to petitioner.[5] Section 6404(e)(1) prohibits abatement of interest if a significant aspect of the error or delay is attributable to the taxpayer.

Finally, petitioner cannot successfully argue that respondent's action enforcing the terms of the settlement between petitioner and respondent was an abuse of discretion.  The decision resolving petitioner's deficiency case included the parties' stipulation acknowledging that statutory interest would be assessed on both the deficiencies and penalties for the years at issue as required by law.  See sec. 6601(a), (e)(2). Respondent assessed interest in accordance with the stipulation of the parties.  Petitioner has failed to demonstrate that there

---

[5] Petitioner, who was represented by both a tax attorney and a certified public accountant, failed to cooperate with respondent during the audit in that petitioner refused to provide information requested by respondent.

is a genuine issue as to any material fact or that respondent is not entitled to a decision as a matter of law.[6]

III. Conclusion

We shall grant respondent's summary judgment motion with respect to petitioner's abatement claim under section 6404(e)(1).

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.

---

[6] Petitioner's claim that the settlement in his deficiency case does not speak to the issue of interest is remarkably disingenuous given the clarity of the language used in the decision:  "It is further stipulated that interest will be assessed as provided by law on the deficiencies and penalties due from the petitioner."